# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8204 | **DATE** | 11/18/2002 |
| **CASE TITLE** | Rickie Eldridge Smith vs. Bank One, N.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. As stated at the outset, federal subject matter jurisdiction is absent here. Both the Complaint and this action is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 2 0 2002 | 2 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office / mailing deputy initials | date mailed notice |

```
                IN THE UNITED STATES DISTRICT COURT              DOCKETED
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION                      NOV 2 0 2002
```

RICKIE ELDRIDGE SMITH, et al.,   )
                                 )
              Plaintiffs,        )
                                 )
       v.                        )      No.  02 C 8204
                                 )
BANK ONE, N.A., et al.,          )
                                 )
              Defendants.        )
_____)
                                 )
ROBERT LEO DYKES,                )
                                 )
              Plaintiff,         )
                                 )
       v.                        )      No.  02 C 8223
                                 )
FEDERAL NATIONAL MORTGAGE        )
ASSOCIATION, INC., et al.,       )
                                 )
              Defendants.        )

## MEMORANDUM OPINION AND ORDER

It appears that there is a nonlawyer somewhere out there who has been engaged in dispensing incompetent legal advice to unsuspecting "clients." These two lawsuits, delivered to this Court's calendar on the same day by our District Court's computer-driven random assignment system, present Complaints that were obviously drafted by the same person (although the Complaints' allegations are somewhat tailored to the circumstances of the individual plaintiffs, Rickie Eldridge Smith and Valandra Wallace Smith (collectively "Smiths") in 02 C 8204 and Robert Leo Dykes ("Dykes") in 02 C 8223).

Any informed reader's review of the two Complaints confirms

(1) that each of them would be a prime candidate for the space-fillers that <u>New Yorker</u> magazine used to run under the caption "Department of Clotted Nonsense" and (2) that Alexander Pope's aphorism that "a little learning is a dangerous thing" remains valid nearly three centuries later.[1] But the one thing that surely emerges from the welter of confused (and confusing) allegations of each Complaint is that federal subject matter jurisdiction is lacking. As our Court of Appeals has reconfirmed in <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998):

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" <u>Steel Co. v. Citizens for a Better Environment</u>, 118 S.Ct. 1003, 1012 (quoting <u>Mansfield C.& L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382).

Hence this Court is constrained to dismiss both these Complaints and actions sua sponte.

To begin with, each Complaint ¶2 purports to look to diversity of citizenship as a ticket of entry to the federal courthouse door. But in both instances there are Illinois citizens on both sides of the litigation, so that the total diversity that has expressly been required for nearly two

---

[1] Indeed, in the present situation that aphorism could well be expanded to confirm that a lack of learning is an even more dangerous thing.

2

centuries (Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)) is unquestionably missing.[2]

Next, the basic fact disclosed by the Complaints' otherwise largely impenetrable thickets is that each plaintiff is attempting to undo a mortgage foreclosure obtained in state court proceedings. But anyone having a modicum of familiarity with the federal system knows that the Rooker-Feldman doctrine (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)) precludes every federal court other than the Supreme Court of the United States from sitting in review over, or from upsetting, any such state court judgment.

In that same respect, each Complaint's attempted reliance on the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Complaints' constant repetition of the term "RACKETEERS" in characterizing each set of targeted defendants is similarly flawed. It simply will not do for a plaintiff just to call out "RICO!" and to expect that cry to suffice for federal jurisdiction. In this instance, any potential viability of any RICO claim also hinges on a determination of the invalidity of

---

[2] Moreover, plaintiffs' unknown legal (or nonlegal) advisor responsible for the current pleadings seems to lack the ability to read as well as to understand legal concepts: Smiths' Complaint ¶5 and Dykes' Complaint ¶4 refer to the amount in controversy as exceeding $50,000, while 28 U.S.C. §1332(a) specifically requires that over $75,000 must be at issue.

the selfsame mortgage foreclosure proceedings. And the same is true of any other claim that could arguably be advanced under the Complaints' hodgepodge of quite unintelligible references to other purported violations of plaintiffs' rights.

All of that being the case, the Rooker-Feldman doctrine also dooms every substantive claim suggested by plaintiffs, for every such claim necessarily implicates a collateral attack on the state court's judgments of foreclosure. Those judgments are presently in force and binding on Smiths and Dykes, and this Court is without power to alter that.[3]

As stated at the outset, then, federal subject matter jurisdiction is absent here. Both Complaints and both these actions are dismissed with prejudice.

Milton I. Shadur
Senior United States District Judge

Date: November 18, 2002

---

[3] If Smiths and Dykes were truly the victims of malfeasance in the respects that they charge in their Complaints, the state courts were certainly available to hear their grievances and to grant them appropriate relief. And if they have forfeited that opportunity by inaction there, the federal judicial system is not ordained to provide a remedial source for such inaction.

4